Request of Governor and Council,
No. 5422.

## OPINION OF THE JUSTICES.

Submitted October 14, 1965.
Answer returned October 21, 1965.

The Governor and Council assembled in executive session October 1, 1965 adopted the resolution appended hereto as Appendix A relative to Laws 1965, *cc.* 239, 282 entitled "Special aid to twenty school districts." The resolution was filed in this court October 4, 1965.

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The Justices of the Supreme Court reply as follows to your request for advice relative to the item "Special aid to 20 school districts $102,710" appropriated by the 1965 Legislature for the fiscal years ending June 30, 1966 and June 30, 1967. Laws 1965, *c.* 239, *p.* 354 and *c.* 282, *p.* 521.

The 1963 Legislature had appropriated an identical amount to provide special aid to twenty school districts for each of the fiscal years 1963-64 and 1964-65. However it labeled each appropriation "Special aid to the twenty school districts having lowest equalized valuation per pupil" and enumerated the twenty

districts which were to receive this aid and the amount each district was to receive. Furthermore each of these appropriations included the following footnote: "Payments authorized by this appropriation shall be made solely to the towns set forth herein." Laws 1963, *c.* 198, *p.* 253 and *c.* 199, *pp.* 346, 347.

The State Board of Education having presented for your approval a manifest distributing this special aid for the fiscal year 1965-66 to the same towns and in the same amounts as appear in Laws 1963, *cc.* 198, 199, you have requested our advice as to the correctness of this manifest to aid you in the performance of your executive duties. *Opinion of the Justices*, 102 N. H. 183, 184.

The financial ability of the various school districts in the state to provide an adequate education for its school children is dependent in large measure on the equalized valuation of the towns which compose the district. *Gilsum* v. *Monadnock School District*, 105 N. H. 361, 364. "There exists grave inequality between the ability of the various school districts to support their schools on their respective local property tax bases." Report of Interim Commission on Education (1963) *p.* 21, *par.* 10. "The Legislature has declared the purpose of foundation aid to be 'to aid needy local school districts in meeting the costs of providing public elementary and high school education' (RSA 198:9 (supp)) and 'to more nearly provide equal public school educational opportunity throughout the state.' RSA 198:10 (supp). 'The basic intent is to make poorer districts financially able to spend the state average in current expenses per pupil.' Report of Interim Commission on Education (1963) *p.* 55." *Gilsum* v. *Monadnock School District, supra.* However, the amounts appropriated for foundation aid have been insufficient to realize that basic intent. Report, Interim Commission on Education (1963) *p.* 55.

Equalized valuation per resident pupil in average daily membership has been described as a practical measure of determining local ability to support schools. By appropriating in 1963 "Special aid to the twenty school districts having lowest equalized valuation per pupil," the Legislature manifested a clear intent to grant additional financial aid to the twenty neediest districts in the state in order to enable them to provide an education to their pupils more nearly similar to the state average. We are of the opinion that this same legislative intent, although not so clearly expressed, motivated the appropriations of "Special Aid to 20 school districts" for the fiscal years 1965-66 and 1966-67 in

Laws 1965, *c.* 239, *p.* 354 and *c.* 282, *p.* 521. *Monadnock School District* v. *Fitzwilliam*, 105 N. H. 487, 495. See Senate Journal for Monday June 28, 1965 (*p.* 1439): "Senator Waterhouse inquired 'Is there enough money appropriated in the 2nd year of the biennium to provide for the needy school districts? Senator Lamprey: 'It was decided to put that money in for the twenty most needy towns . . . ' Senator Martin: 'Are the twenty most needy towns included?' Senator Lamprey replied in the affirmative."

It is stated in your request for advice that the special aid provided in 1963 was apportioned for each year of the biennium according to a formula which was comprised of various factors including (1) 1963 equalized valuation per pupil; (2) 1961-62 resident average daily membership of pupils; (3) equalized school tax rate 1962-63. We see no intent manifested by the 1965 Legislature to add or detract from the factors which constituted the formula for distributing the 1963 aid. Since by the appropriating legislation in 1963 the same twenty towns were to receive the same individual amounts in each year of the biennium it was proper in that instance to use the same factors without change for each year's distribution.

However the 1965 Legislature did not allocate this aid to the same specified school districts in the same specified amounts for the biennium although its intent was that the twenty most needy school districts were to be its recipients. We conclude that the determination of the twenty districts to receive this aid is to be made in each year of the biennium on the basis of the need existing in each of those years. The selection of these recipients is to be made by the most reliable method of ascertaining school districts needs in each of those years, namely, the most recent equalized valuation per pupil figures available when the computation for each year is made. The distribution in each of those years is to be made in accordance with the formula used to distribute the aid authorized by the Legislature in 1963 but with each factor up-dated to the most recent figures available.

This special aid being in the nature of foundation aid the amount of aid to be paid to eligible school districts in the year 1965-66 was to be computed by the State Board of Education before June 30, 1965. RSA 198:10-a. At that time the equalized valuations found in Laws 1963, *c.* 228 were still in effect as those established by Laws 1965, *c.* 312 did not become effective until July 8, 1965. Hence the 20 school districts to receive the 1965-66 aid are those which are most needy according to the most recent figures available before June 30, 1965 on equalized

valuation per pupil for each school district. Distribution of this aid in the amount of $102,710 is to be made by the use of the same formula used to distribute the aid authorized in 1963 but with each factor up-dated to the most recently available figures when the computation is made by the State Board of Education. Similarly the twenty recipients for the fiscal year 1966-67 are to be determined by the use of the most recent equalized valuation per pupil figures available when the computation is made before June 30, 1966 and distribution is to be made in accordance with the same formula previously used but with each factor up-dated to the latest figures available at the time of computation.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

October 21, 1965.

Memoranda were filed by the following:

*William Maynard*, Attorney General and *William F. Cann*, Assistant Attorney General.
*Gardner C. Turner*, and by the
Lyman School Board.
Lisbon Special School Board.
Selectmen of Candia.
White Mountains Regional School District.
Selectmen of Danville.
Superintendent of Schools of Plaistow and also by George Brummer, Representative to the General Court from Lisbon.

## APPENDIX A

WHEREAS, the General Court in 1963 approved a program which provided "Special aid to the twenty school districts having the lowest equalized valuation per pupil," as set forth in Laws 1963, Chapter 198, page 253 and Chapter 199, page 346, 347; and

WHEREAS, the General Court in 1963 selected the twenty school districts to receive aid by choosing those towns having the lowest equalized valuation per pupil and then apportioned $102,710 for each year of the biennium (1963-64 and 1964-65) according to a formula (not set out in the statute) which was comprised of various factors, including

(1) 1963 Equalized Valuation per Pupil
(2) 1961-62 Resident Average Daily Membership of Pupils
(3) Equalized School Tax Rate 1962-63; and

WHEREAS, Laws 1963, Chapter 198, page 253 and Chapter 199, page 346, 347 provided that "payments authorized by this appropriation shall be made solely to the towns set forth herein", with the twenty towns being identified as to name and amount appropriated; and

WHEREAS, the General Court in 1965 by Laws 1965, Chapter 239 and Chapter 282 approved a sum of $102,710 for each year of the biennium (1965-66 and 1966-67) which is identical to the total amounts approved by the 1963 General Court for 1963-64 and 1964-65 for special aid to twenty school districts; and

WHEREAS, the most recent appropriations, Laws 1965, Chapter 239 and Chapter 282, are entitled, "Special aid to twenty school districts" with no reference to identifying the districts as to the lowest equalized valuation per pupil or as to name or amount appropriated or formula to be used; and

WHEREAS, the Towns of Sullivan, Fitzwilliam, Gilsum, Richmond, Roxbury, Surry and Troy have filed in the Cheshire County Superior Court, Equity No. 7960, Petitions for Declaratory Judgment and for Temporary Injunction against the New Hampshire State Board of Education concerning, in part, what school districts should receive the funds appropriated by the 1965 General Court for "Special aid to twenty school districts;" and

WHEREAS, after hearing on the Petition for Temporary Injunction held on August 31, 1965, the Superior Court for Cheshire County by order of Judge Thomas J. Morris, dated August 31, 1965, denied the petition for a Temporary Injunction; and

WHEREAS, the Petition for Declaratory Judgment is still pending in the Superior Court for Cheshire County, not yet having been set down for a hearing; and

WHEREAS, the State Board of Education has now presented

the Governor and Council its manifest for approval of distribution of funds to twenty towns as set forth therein, . . . and

WHEREAS, it appears from said manifest that said distribution of funds for fiscal 1965-66 is to the same towns with the same amounts as appears in Laws 1963, Chapters 198 and 199; and

WHEREAS, in view of the circumstances we are in doubt as to the legislative intent as to the basis for distribution of the sum of $102,710 appropriated by the General Court for special aid to twenty school districts; and

WHEREAS, in view of all the circumstances we are in doubt as to the correctness of the manifest presented to us for approval;

Now, Therefore, Be it

RESOLVED, by the Governor and Council assembled in Executive Session, that the Justices of the Supreme Court be respectfully requested under the provisions of Part 2, Article 74 of the Constitution of the State of New Hampshire to give their opinion upon the following important question of law:

1. Did the General Court in 1965 intend to appropriate the sum of $102,710 for each year of the biennium to the same twenty towns as listed in Laws 1963, Chapters 198 and 199?

2. If the answer to question No. 1 is in the affirmative, did the General Court in 1965 intend to appropriate the sum of $102,710 for each year of the biennium in the same amounts to the same twenty towns listed in the Laws 1963, Chapters 198 and 199?

3. If the answer to question No. 1 is in the negative did the General Court in 1965 intend to use the same formula in selecting a new list of towns and arriving at the apportionment of the $102,710 as was used in selecting the towns and deriving the sums for each of those twenty towns listed in the Laws 1963, Chapter 198 and 199?

4. If the answer to question No. 3 is in the affirmative, did the General Court in 1965 intend to use the same factors without change as were used in the formula in selecting the towns and arriving at the apportionment of the $102,710 for the twenty towns listed in Laws 1963, Chapter 198 and 199?

5. If the answer to question No. 4 is in the negative, did the General Court in 1965 intend to use the same factors as were used in the above formula but up-dated as to what is now most recently available?